IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOSE CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, SUBSCRIBING TO
CERTIFICATE NO. SUAWSD50147-2001

      Plaintiff,

vs.                 CIVIL NO. 1:23-cv-00037-JHR-GJF

U-DRIVE ACCEPTANCE CORPORATION,
INC., ABQ, INC. and EUGENE SALAZAR

      Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on June 2, 2023 at 9:00 a.m. and was attended by:

Howard J. Fishman and Gregory Steinman for Plaintiff, Those Certain Underwriters at Lloyd's, London ("Underwriters")

Nicholas Mattison for Defendant, Eugene Salazar ("Salazar")

Defendants U-Drive Acceptance Corp., Inc. ("U-Drive") and ABQ, Inc. ("ABQ") are in default and no counsel has appeared on their behalf.

## NATURE OF THE CASE

Underwriters filed this declaratory judgment action alleging they owe no duty to defend or indemnify their insureds under a claims-made management liability insurance policy issued to U-Drive effective January 29, 2020 to January 29, 2021, with a retroactive date of January 29, 2020 (the "Policy"), for an underlying class action lawsuit brought by Salazar in the State of New Mexico, Second Judicial District (the "Salazar Class Action"). The Salazar Class Action alleges that U-Drive and ABQ committed unlawful practices in mailing pre-sale notices and post-sale notices as a standard practice to secured parties in connection with its sub-prime auto lending business, constituting violations of the UCC, the New Mexico Unfair Practices Act and for conversion. Underwriters are providing a defense to the insureds in the Salazar Class Action, subject to a reservation of rights to deny coverage.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Underwriters intend to join an additional defendant, FJS, LLC ("FJS"), an Iowa domiciled entity alleged in the Salazar Class Action to be engaged in a joint venture or enterprise with shared management and control along with defendants U-Drive and ABQ.  Underwriters were unable to join FJS in their initial complaint because it is an LLC and Underwriters have thus far been unable to identify its members to allege federal jurisdiction absent discovery.  Hence, Underwriters have issued a document subpoena to FJS seeking discovery regarding its members.

Underwriters should be allowed until July 28, 2023 to move to amend the pleadings to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).  Salazar and FJS should be allowed 21 days after the filing of Underwriters' amended complaint to file their responsive pleadings.

Underwriters should be allowed until September 8, 2023 to move for a finding of default against defendants U-Drive and ABQ for failure to appear and respond.

## STIPULATIONS

U-Drive and Salazar stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

At this time, the parties have not reached an agreement regarding which state's substantive law governs this action.

## PLAINTIFF'S CONTENTIONS:

This declaratory judgment action concerns whether insurance coverage applies for the Salazar Class Action filed against Iowa-based ABQ, Inc. and U-Drive Acceptance Corp., Inc. d/b/a Right Way Sales and Leasing (sometimes collectively "Right Way"), engaged in the business of sub-prime automobile lending.  Members of the Salazar class allegedly purchased used vehicles from Right Way.  Class representative Salazar alleges that Right Way sent him a "Notice of Intent to Sell Repossessed Vehicle" that was legally deficient, that Right Way uses the same standard form notice and uniform practices when it repossesses other customers' vehicles, and that it unlawfully repossessed, sold his vehicle and kept the sale proceeds.

The Salazar Class Action was certified, with a class consisting of "all persons who, starting four years prior to the [December 7, 2020] filing of this [Salazar Class Action] lawsuit, received the form of notice or similar notice after having their vehicle repossessed subject to a secured loan with Right Way".  The complaint alleges counts for violations of the UCC, unfair and deceptive practices under NMSA § 57-12-2 and conversion based on malicious, willful, reckless, wanton, fraudulent and bad faith conduct.  The Salazar Class seeks actual, statutory and punitive damages.

Underwriters allege that U-Drive and ABQ[1] are not entitled to a defense or indemnity under the Policy for the Salazar Class Action for multiple reasons, including without limitation, that:

a. The Policy does not provide coverage because the Salazar Class Action constitutes a CLAIM involving any WRONGFUL ACT (including INTERRELATED WRONGFUL ACTS) committed or alleged to have been committed prior to the Retroactive Date of the Policy, January 29, 2020;

b. The RETROACTIVE DATE EXCLUSION applies;

c. The Salazar Class Action involves a WRONGFUL ACT that was the subject of a claim made prior to the inception of the POLICY on January 29, 2020;

d. ABQ may not meet the Policy definition of SUBSIDIARY or COMPANY, and therefore does not have insured status under the Policy;

e. To the extent that U-Drive and/or ABQ are adjudicated to have gained any profit or financial advantage or improper or illegal renumeration to which they were not legally entitled, coverage is excluded;

f. To the extent that U-Drive and/or ABQ are adjudicated to have committed a criminal, dishonest, intentionally malicious, deliberate or any willful violation of law or fraudulent act, error or omission, coverage is excluded;

g. The professional services exclusion applies;

h. Various relief sought by the Salazar class is not covered; and

i. Provided that the Court finds no duty to defend under the Policy, Underwriters are entitled to withdraw from providing a defense of the Salazar Class Action and are entitled to reimbursement from U-Drive for all defense fees and costs expended by Underwriters that exceed U-Drive's retention under the Policy.

## DEFENDANT'S CONTENTIONS

Salazar filed an answer denying the material allegations of Underwriters' coverage defenses.

## PROVISIONAL DISCOVERY PLAN

Underwriters and Salazar believe that it is premature for the Court to enter a discovery plan at this time because all parties are not yet properly joined and filed responsive pleadings. The Parties respectfully request that the Court conduct a further Rule 26 conference and set a discovery plan once all parties are joined and have filed responsive pleadings.

---

[1] These bases for non-coverage also apply to FJS, LLC.

**SETTLEMENT**

The parties intend to discuss the exchange of information and evaluate the potential for settlement.

APPROVED WITHOUT EXCEPTIONS

Respectfully submitted,

*/s/ Howard J. Fishman*
Howard J. Fishman (admitted *pro hac vice*)
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
200 South Wacker Drive, Suite 2550
Chicago, Illinois 60606
Tel:   (312) 431-3700
Fax:   (312) 431-3670
hfishman@karballaw.com

   and

Gregory D. Steinman
MADISON, MROZ STEINMAN, KENNY & OLEXY, P.A.
Albuquerque Plaza, Suite 1600
201 Third Street, N.W.
Albuquerque, New Mexico, 87102
Tel:   (505) 242-2177
Fax:   (505) 242-7184
gds@madisonlaw.com

Attorneys for THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUAWSD50147-2001

Respectfully submitted,

*/s/Nicolas H. Mattison*
Nicholas H. Mattison
Richard N. Feferman
FEFERMAN, WARREN & MATTISON
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
Tel:   (505) 243-7773
Fax:   (505) 243-6663
nmattison@nmconsumerwarriors.com
rfeferman@msn.com
Attorneys for EUGENE SALAZAR