IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUAWSD50147-2001, ) ) ) ) Plaintiffs, ) ) vs. ) ) U-DRIVE ACCEPTANCE CORPORATION, ) INC., ABQ, INC., EUGENE SALAZAR and ) FJS, LLC, ) ) Defendants. ) | Case No.: 1:23-cv-00037-JHR-GJF |

## JOINT MOTION TO STAY PROCEEDINGS

Plaintiffs, THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUAWSD50147-2001 ("Underwriters") and EUGENE SALAZAR ("Salazar") (collectively the "Parties"[1]), by and through their respective undersigned counsel, move to stay the proceedings in this matter. In support of their Motion, the Parties state as follows:

1. This matter involves an insurance coverage dispute between Underwriters and Salazar concerning whether Underwriters owe any duty to defend and indemnify for any future settlement or judgment in the Salazar Class Action.

2. Pursuant to the present scheduling order [ECF No. 34], the Parties are required to complete fact discovery on all issues--both the duty to defend and the duty to indemnify--by March 29, 2024. The Parties must also complete expert discovery by June 30, 2024 and dispositive motions are due by July 29, 2024.

---

[1] The Court previously defaulted the remaining defendants. [ECF No.27]

3.     The trial in the underlying Salazar Class Action will not take place prior to the present discovery closure dates or other operative dates in the scheduling order. Trial in the Salazar Class Action is presently scheduled for May 2024. However, the Salazar Class Action is presently stayed, trial will not proceed in May as scheduled and a revised scheduling order will need to be entered.

4.     A judgment regarding the duty to indemnify in this action would be premature because the duty to indemnify must be determined based on the facts as ultimately determined in the litigation against the insured. *Valley Improvement Ass'n v. United States Fidelity & Guaranty Corp.*, 129 F.3d 1108, 1126 (10th Cir. 1997); see also *Proassurance Specialty Insurance Co. v. Familyworks, Inc.*, 599 F. Supp. 3d 1082, 1093 (D.N.M. 2022) (denying parties' summary judgment motions on the duty to indemnify as premature because they relate to the duty to indemnify).

5.     In addition, there are factual disputes in the Salazar Action that must be litigated and resolved prior to this Court making a coverage determination. For example, one of Underwriters' coverage defenses is that "To the extent that the Salazar Complaint results in an adjudication that U-Drive or ABQ gained any profit or financial advantage or improper or illegal remuneration to which it was not legally entitled, coverage is excluded pursuant to **III.A.1**." [ECF No. 19 at para. 53] The applicability of that exclusion (which Salazar denies) depends on disputed facts that must be resolved in the Salazar Class Action and are not properly resolved in this coverage action.

6.     A district court "has the power … to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Americom Automation Servs. v. Metro Elec. Constr.*, Case No. CV 13-0470, 2013 U.S. Dist. LEXIS 207069, *5 (D.N.M Jul. 12, 2013)

(quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). "Accordingly, the decision to issue a stay rests within the sound discretion of the trial court, which must balance the competing interests of the litigants." *Id.* In determining whether to stay an action, courts consider factors including "judicial economy and efficiency, the interests of persons not parties to the lawsuit, and public interest." *Id.*

7. Neither party would be prejudiced by the relief requested herein and a stay would result in judicial economy.

WHEREFORE, the Parties respectfully request that the Court:

a. Vacate the present scheduling order [ECF No. 34];

b. Stay this matter in its entirety until further order, with the Parties to inform the Court within 21 days of the resolution of the underlying Salazar Class Action by either settlement or judgment; and

c. Grant such further relief as the Court deems just and equitable.

Dated: February 20, 2024

Respectfully submitted,                                  Respectfully submitted,

*/s/: Howard J. Fishman*                                 */s/: Nicholas H. Mattison*
Howard J. Fishman (admitted *pro hac vice*)              Nicholas H. Mattison
KARBAL, COHEN, ECONOMOU, SILK &                          Richard N. Feferman
DUNNE, LLC                                               FEFERMAN, WARREN & MATTISON
200 South Wacker Drive                                   300 Central Ave., SW, Suite 2000 West
Suite 2550                                               Albuquerque, New Mexico 87102
Chicago, Illinois 60606                                  Tel:   (505) 243-7773
Tel:   (312) 431-3700                                    Fax:   (505) 243-6663
Fax:   (312) 431-3670                                    nmattison@nmconsumerwarriors.com
hfishman@karballaw.com                                   rfeferman@msn.com
                                                         Attorneys for EUGENE SALAZAR
    and

Gregory D. Steinman
MADISON, MROZ STEINMAN, KENNY &
OLEXY, P.A.
Albuquerque Plaza, Suite 1600
201 Third Street, N.W.
Albuquerque, New Mexico, 87102
Tel:	(505) 242-2177
Fax:	(505) 242-7184
gds@madisonlaw.com
Attorneys for THOSE CERTAIN
UNDERWRITERS AT LLOYD'S, LONDON,
SUBSCRIBING TO CERTIFICATE NO.
SUAWSD50147-2001

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of February, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing.

Nicholas H. Mattison
FEFERMAN, WARREN & MATTISON
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773
nmattison@nmconsumerwarriors.com
*Attorneys for Defendant Eugene Salazar*