IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUAWSD50147-2001, )<br><br>Plaintiffs,<br><br>vs.<br><br>U-DRIVE ACCEPTANCE CORPORATION, INC., ABQ, INC., EUGENE SALAZAR and FJS, LLC,<br><br>Defendants. | Case No.: 1:23-cv-00037-JHR-GJF |

**MOTION TO LIFT STAY OF PROCEEDINGS AND TO FILE
SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs, Those Certain Underwriters at Lloyd's, London, subscribing to Certificate No. SUAWSD50147-2001 ("Underwriters"), by and through their undersigned counsel, move to lift the stay of proceedings (ECF #38) and to file a second amended complaint for declaratory judgment. In support of their motion, Underwriters state as follows:

1. This matter is an insurance coverage dispute between Underwriters and underlying class representative Eugene Salazar ("Salazar") concerning whether Underwriters owe any duty to defend and indemnify in connection with a consumer class action lawsuit styled *Eugene Salazar v. ABQ, Inc., et al.*, pending in the Second Judicial District Court, Bernalillo County, New Mexico ("Salazar Class Action").[1] Underwriters assert, along with other arguments, that the Salazar Class Action is barred from coverage pursuant to the Retroactive Date Exclusion contained in the Underwriters' policy ("Policy"), which bars coverage for any claim involving a wrongful act

---

[1] U-Drive, ABQ, Inc. and FJS, LLC were defaulted on September 18, 2023 (ECF #27).

committed or alleged to have been committed prior to the Policy's Retroactive Date of January 29, 2020.

2. The Salazar Class Action seeks a judgment against U-Drive and the other defendants for unlawful deficiencies in a form Notice of Intent to Sell Repossessed Motor Vehicle ("Notice") and asserts claims under the Uniform Commercial Code, for violations of the Unfair Practices Act, for conversion, and for various injunctive relief.

3. Pursuant to a joint motion by the parties, (ECF #37), on February 21, 2024, the court granted a stay of this matter in its entirety until further order (ECF #38).

4. At the time the stay was entered, there was a pending related insurance coverage action between Underwriters and U-Drive under the same insurance policy at issue in this action regarding whether there was a duty to defend and indemnify in connection with an underlying consumer class action lawsuit against U-Drive styled *U-Drive Acceptance Corporation, Inc. v. Debra Sue Hammons*, case No. 19BA-CV03413, filed in the Circuit Court of Boone County, Associate Division, State of Missouri ("Hammons Class Action"). That matter has since been resolved by final judgment. A copy of the Judgment and Order and Order Approving Award of Attorney's Fees, Expenses, and Incentive Payment to Class Representative in the Hammons Action are attached as Group Exhibit A.

5. The related Missouri coverage action, styled *Those Certain Underwriters at Lloyd's, London, subscribing to Certificate No. SUAWSD50147-2001 v. U-Drive Acceptance Corporation., et al.*, case No. 4:23 CV 99 JMB, filed in the U.S. District Court, Eastern District of Missouri, Eastern Division ("Hammons Coverage Action"), asserted that Underwriters owed no duty to defend or indemnify U-Drive under the same insurance policy for the related class claims asserted in the Hammons Class Action.

6. After the stay was entered in this action, the court in the Hammons Coverage Action granted summary judgment in favor of Underwriters and ruled that they owed no duty to defend or indemnify U-Drive or the Hammons Class for the judgment entered in the Hammons Class Action. A copy of the June 10, 2024 Memorandum Opinion and Order and the Judgment in the Hammons Coverage Action ("Opinion and Order") is attached as Group Exhibit B.[2]

7. Specifically, the court in the Hammons Coverage Action held that the Retroactive Date Exclusion in the Policy applied to completely bar defense and indemnity coverage for U-Drive in connection with the Hammons Class Action because the claims asserted by the Hammons Class constituted a single "**CLAIM**" by operation of Section V.D. of the **GENERAL TERMS AND PROVISIONS** of the Policy and were "based on a wrongful act first made in 2017, prior to the retroactive date of January 29, 2020," thereby triggering the Retroactive Date Exclusion.

8. Here, by operation of Section V.D. of the **GENERAL TERMS AND PROVISIONS** of the Policy, the claims asserted by Salazar, on behalf of himself and the certified class, also constitute the same "**CLAIM**" as the claims asserted by the Hammons class in the Hammons Class Action, and therefore the Salazar Class Action is also excluded from coverage pursuant to the Retroactive Date Exclusion in the Policy in light of, and for the reasons stated in, the Opinion and Order.

9. Further, just like in the Hammons Class Action, the individual transactions in the Salazar Class Action took place at least as early as December 7, 2016 and the court in the Salazar Class Action certified the class with December 7, 2016 as the inception date, which independently triggers the Retroactive Date Exclusion and bars coverage for the Salazar Class Action.

---

[2] None of the parties in the Hammons Class Action appealed and the district court's judgment is final.

10. Underwriters believe that the applicability of the Retroactive Date Exclusion, now the subject of a final judgment against U-Drive in the Hammons Coverage Action, is fully applicable here and bars coverage, in its entirety, for the Salazar Class Action, as a matter of law.

11. Underwriters also assert, in addition and in the alternative, that the insureds breached the duty to cooperate under the Policy, further barring defense and indemnity coverage for the Salazar Class Action.

12. The court should lift the stay to allow the parties to adjudicate the issues alleged in the proposed Second Amended Complaint for Declaratory Judgment, attached as Exhibit C.

13. The undersigned counsel personally conferred with counsel for Salazar and sought his concurrence with this Motion, but counsel advised that the Salazar would oppose the Motion.

WHEREFORE, Underwriters request that the Court:

a. Vacate the stay order (ECF #38);

b. Conduct a scheduling conference;

c. Allow Underwriters to file their Second Amended Complaint for Declaratory Judgment, and

d. Grant such further relief as the Court deems just and equitable.

Dated: October 16, 2024

Respectfully submitted,

 s:/Howard J. Fishman
Howard J. Fishman (admitted *pro hac vice*)
KARBAL, COHEN, ECONOMOU, SILK & DUNNE, LLC
200 South Wacker Drive
Suite 2550
Chicago, Illinois 60606
Tel:   (312) 431-3700
Fax:   (312) 431-3670
hfishman@karballaw.com
    and

Gregory D. Steinman
MADISON, MROZ STEINMAN, KENNY &
OLEXY, P.A.
Albuquerque Plaza, Suite 1600
201 Third Street, N.W.
Albuquerque, New Mexico, 87102
Tel:   (505) 242-2177
Fax:   (505) 242-7184
gds@madisonlaw.com

Attorneys for THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO CERTIFICATE NO. SUAWSD50147-2001

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of October, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the notice of electronic filing.

Nicholas H. Mattison
FEFERMAN, WARREN & MATTISON
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773
nmattison@nmconsumerwarriors.com
*Attorneys for Defendant Eugene Salazar*

    *s:/ Howard J Fishman*